## APPEAL OF COLUMBIA TEXTILE CO., INC.

Docket No. 2444.   Submitted June 1, 1925.   Decided September 7, 1925.

Salaries deduction, allowed by the Commissioner, approved.

*Simon Fleishman, Esq.,* for the taxpayer.
*Willis D. Nance, Esq.,* for the Commissioner.

### Before MARQUETTE and MORRIS.

The Commissioner allowed the taxpayer special assessment under the provisions of section 210 of the Revenue Act of 1917 and allowed salary deductions for two officers in the total amount of $61,250. The taxpayer claims that the salary deductions should be $120,000 for the year 1917.

From an agreed statement of facts and exhibits introduced in evidence at the hearing, the Board makes the following

#### FINDINGS OF FACT.

The taxpayer, a Massachusetts corporation, was organized in 1912, with an authorized capital stock of $300,000 par value, to engage in the textile business. G. C. Overton, Percy Gulline, and S. C. Worthen each subscribed for at par and acquired for cash one-third of such capital stock, and at all times up to and including the year 1918 each held one-third of the capital stock of the taxpayer and were the sole stockholders, directors, and officers of the taxpayer. The by-laws at all times provided that no increase in salaries or other step outside the ordinary routine of business could be effectuated or taken without the concurrence of all three directors.

Overton and Gulline were experienced in the textile business and were active in the management of the taxpayer, while Worthen was inexperienced in the textile business and took no direct part in the operations of the taxpayer. Overton and Gulline received salaries for their services, but Worthen did not.

During the years 1913 to 1915, inclusive, annual salaries were paid of $12,000 to Overton and $10,000 to Gulline.

In 1916, Overton was paid a salary of $15,000 and Gulline $12,500.

On June 6, 1917, the board of directors of the taxpayer corporation adopted the following resolution:

On motion duly made (pursuant to Article VII–2) and seconded, it was unanimously voted that the salary of the president, Mr. Overton, be increased from $15,000 to $50,000 per year, and the salary of Mr. Gulline, clerk of the corporation, acting as general agent, be increased from $12,500 to $45,000 per year, to be effective beginning July 1, 1917.

The aggregate amount of salaries paid by the taxpayer to Overton and Gulline during the year 1917 was $61,250.

The books of the taxpayer during 1917 were kept upon an accrual basis and were closed for 1917 on December 31, 1917.

The taxpayer in its original income-tax return and in its first amended income-tax return for 1917 deducted the sum of $61,250 as salaries paid to Overton and Gulline for 1917.

During the spring of 1918, it was realized by the three stockholders and directors that the business had been more successful in 1917 than had been anticipated.

On June 4, 1918, the board of directors passed a resolution increasing the salary of Overton from $50,000 to $62,500 per year and the salary of Gulline from $45,000 to $57,500 a year, such increases dating from January 1, 1917.

Subsequent to June, 1918, the taxpayer filed two amended income-tax returns for the year 1917 and claimed a deduction of $120,000 as salaries paid to Overton and Gulline for 1917.

The Commissioner allowed the taxpayer as a deduction, for salaries to Overton and Gulline for 1917, the amount of $61,250.

The gross sales of the taxpayer increased about 91 per cent in 1917 over 1916, and the net profits for 1917 increased approximately 45 per cent over the net profits for 1916.

The net income of the taxpayer for 1917 after deducting the $58,750 salaries now in question was $161,134.64, and its invested capital for 1917 was $448,974.93.

The Commissioner granted special assessment to the taxpayer for 1917 under the provisions of section 210 of the Revenue Act of 1917, and disallowed the additional salaries which were authorized in 1918 but made applicable to the year 1917, and determined a deficiency in taxes for 1917 in an amount in excess of $10,000. From that determination the taxpayer duly appealed.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

MARQUETTE: This appeal arises under the Revenue Act of 1917. Section 12 (a) of the Revenue Act of 1916, which remained in force after the passage of the Act of 1917, provides for the deduction from gross income of—

First. All the ordinary and necessary expenses paid within the year in the maintenance and operation of its business and properties.

The salaries in question were neither paid nor authorized within the year 1917. No liability therefor accrued during that taxable year. After allowing the deduction of $61,250, actually paid to the two officers as salaries in 1917, the taxpayer had a net income of about $220,000, or an amount equivalent to 50 per cent of its in-

vested capital. That special assessment was granted to the tax-payer does not estop the taxpayer from now raising the question as to salary deductions. *Appeal of Howard Sheep Co.*, 1 B. T. A. 966. However, in order to be deductible, salaries must accrue within the taxable year. *Appeal of M. J. McCabe Co.*, 1 B. T. A. 57; *Appeal of Mobile Drug Co.*, 1 B. T. A. 916; *Appeal of J. E. Duval Printing Co.*, 1 B. T. A. 1205; *Appeal of Matchless Metal Polish Co.*, 2 B. T. A. 79; *Appeal of Melrose Granite Company*, 2 B. T. A. 113.

The above decisions construe the Revenue Act of 1918, but the language to be found in section 234 of that Act, " including a reasonable allowance for salaries or other compensation for personal services actually rendered," is for the purpose of the present appeal no broader than the language found in the Revenue Act of 1916. Under neither Act can there be a deduction which was neither paid nor accrued within the taxable year.

ARUNDELL not participating.