*473 OPINION.
Marquette:
This appeal arises under the Revenue Act of 1917. Section 12 (a) of the Revenue Act of 1916, which remained in force' after the passage of the Act of 1917, provides for the deduction from gross income of—
First. All the ordinary and necessary expenses paid within the year in the maintenance and operation of its business and properties.
The salaries in question were neither paid nor authorized within the year 1917. No liability therefor accrued during that taxable year. After' allowing the deduction of $61,250, actually paid to the two officers as salaries in 1917, the taxpayer had a net income of about $220,000, or an amount equivalent to 50 per cent of its in- *474 Tested capital. That special assessment was granted to the taxpayer does not estop the taxpayer from now raising the question as to salary deductions. Appeal of Howard Sheep Co., 1 B. T. A. 966. However, in order to be deductible, salaries must accrue within the taxable year. Appeal of M. J. McCabe Co., 1 B. T. A. 57; Appeal of Mobile Drug Co., 1 B. T. A. 916; Appeal of J. E. Duval Printing Co., 1 B. T. A. 1205; Appeal of Matchless Metal Polish Co., 2 B. T. A. 79; Appeal of Melrose Granite Company, 2 B. T. A. 113.
The above decisions construe the.Revenue Act of 1918, but the language to be found in section 234 of that Act, “ including a reasonable allowance for salaries or other compensation for personal services actually rendered,” is for the purpose of the present appeal no broader than the language found in the Revenue Act of 1916. Under neither Act can there be a deduction which was neither paid nor accrued within the taxable year.
ARItndell not participating.